Louise L. McCoy v. Commissioner.
McCoy v. Commissioner
Docket No. 12208.
United States Tax Court
1947 Tax Ct. Memo LEXIS 68; 6 T.C.M. (CCH) 1097; T.C.M. (RIA) 47272; October 8, 1947
*68 Lloyd J. Schumacker, Esq., 1400 Fidelity-Philadelphia Trust Bldg., Philadelphia, Pa., for the petitioner. Karl W. Windhorst, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $1,585.04 in gift tax for 1944. The only issue for decision is whether the gifts were entirely of future interests so that no exclusions are allowable. The facts have been stipulated. [The Facts] The petitioner filed a gift tax return for 1944 with the collector of internal revenue for the first district of Pennsylvania. She and her husband, J. Rodman McCoy, have two children, Mary Louise Keating born December 4, 1926 and Virginia Roberts McCoy born December 30, 1934. The petitioner and her husband separated prior to April 6, 1944, on which date she and her two daughters were living at Wynnewood, Pennsylvania. The husband, who had a large income, paid the petitioner $6,000 in 1944 and in subsequent years for the support of herself and their two children. The petitioner, on April 6, 1944, transferred property to Pennsylvania Company for Insurances on Lives and Granting Annuities and to her husband as trustees - "to pay *69 the income thereof quarterly, together with as much of the principal as, together with the income and other income and property received by and belonging to them, shall be deemed necessary in the sole discretion of said Corporate Trustee for their maintenance, education (including college or its equivalent) and support, to my issue living at the time of each such distribution, per stirpes, until the last surviving of my children now living shall have died, whereupon said Trustees shall distribute the balance of the principal of said trust among my then living issue, per stirpes." A later provision of the deed of trust gave the trustees authority - "(p) to hold and apply, for the education, maintenance, support or comfort of any beneficiary of the above-mentioned trust, during his or her minority, such sums as are payable to said beneficiary thereunder with the right to accumulate during the minority of any such beneficiary any income not so applied, which accumulation shall be paid to such minor upon the minor coming of age." The trustees have paid the income of the trust to the petitioner for the support of the two daughters as follows: January 11, 1945
$ 600.00
April 11, 1945
635.59
July 11, 1945
231.59
October 10, 1945
152.84
January 10, 1946
1,200.00
July 11, 1946
566.15
October 10, 1946
56.48
January 10, 1947
800.00
April 11, 1947
133.74
*70 The petitioner reported the property transferred as having a value of $52,673.60 for gift tax purposes and claimed two exclusions of $3,000 each. The Commissioner, in determining the deficiency, disallowed the exclusions totaling $6,000 on the ground that the gifts were of future interests on which no exclusions are allowable. [Opinion] The only question for decision is whether the two children have a present right to use, possess or enjoy the income from the trust or whether their interest in the income was merely a future interest. The Commissioner argues that both principal and interest are to be paid only in case the corporate trustee deems such payment necessary for the maintenance, education and support of the beneficiaries, whereas the petitioner argues that the discretion vested in the corporate trustee relates only to the payment of principal. She says that all of the income of the trust was to be paid quarterly for the maintenance, education and support of the two children as long as they should live. The Court interprets the trust as having the meaning which the petitioner attributes to it. The income was to be paid in any event. That fact distinguishes the cases *71 cited by the Commissioner. The discretion of the corporate trustee was to be exercised only in regard to the use of the principal. If it thought that the income of the trust, together with other income and property belonging to the beneficiaries, was insufficient for their education, maintenance and support then, to that fund, it could add such part of the principal of the trust as it deemed necessary. Paragraph (p) may seem somewhat contradictory but the power given to the trustees therein is quite different from the discretion given to the corporate trustee alone in the more important provisions of the trust instrument first quoted. Income is to be paid to the beneficiaries quarterly, but (p) provides that if they are minors and if some part of the income is not actually expended immediately for their education, maintenance, support or comfort, then the trustees are to hold the unexpended part for them and are to pay it to them when they come of age. This does not mean that it is to be held as an undistributed part of the trust which might go eventually to some other beneficiary in case they died as minors but that it is held for them as their property and not as a part of the trust. *72 Cf. ; . The interests in the income given to the children were present interests and the petitioner is entitled to the two exclusions claimed. Decision will be entered under Rule 50.